# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

**FILED**

DENNIS F. DUGGER,

      Petitioner,

v.

HASKELL HIGGINS, Warden,

      Respondent.

JUN - 3 2008

William B. Guthrie
Clerk, U.S. District Court

By_____ Deputy Clerk

Case No. CIV 07-253-RAW-KEW

## OPINION AND ORDER

This matter is before the court on the respondent's second motion to dismiss petitioner's amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241.[1] Petitioner, an inmate currently incarcerated at Howard McLeod Correctional Center (HMCC) in Atoka, Oklahoma, challenges his loss of earned credits resulting from his misconduct for Individual Disruptive Behavior. He claims the disciplinary report was false, the prohibition against double jeopardy was violated at his rehearing of the misconduct, and he was denied due process when convicted of the offense.

The record shows that on December 28, 2005, petitioner received an offense report, because six pouches of tobacco were found in the vehicle of his visitor. The visitor stated petitioner told her where to leave the tobacco, but she could not find the location. Petitioner was found guilty at his second disciplinary rehearing on May 31, 2006, and the facility head

---

[1] Petitioner's action originally was filed as a civil rights complaint, pursuant to 42 U.S.C. § 1983 [Docket #6]. Because he requested relief in the form of restoration of earned credits and commutation of his sentence, along with monetary damages, the case was converted to a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 [Docket #7].

affirmed on June 5, 2006. On June 8, 2006, the HMCC acting warden amended petitioner's punishment to reflect the mandatory sanctions for the offense. Petitioner did not file an appeal of the disciplinary action, and he waited until February 23, 2007, to file a grievance to the DOC Director. The grievance was returned unanswered the day it was received, because disciplinary reports must be appealed through the disciplinary appeal process, not the grievance process. Petitioner did not make any further attempts at exhausting his administrative remedies.

The respondent alleges petitioner has not exhausted his state court remedies by presenting his claim to a state district court through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, and then appealing any adverse decision to the Oklahoma Court of Criminal Appeals. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, effective May 10, 2005. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D).

Petitioner's failure to pursue his state court remedies is complicated by the fact that it now is too late for him to file a petition for judicial review. Under § 564.1(A)(1) he had

90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

**ACCORDINGLY,** the respondent's second motion to dismiss for failure to exhaust state remedies [Docket #19] is GRANTED, and this action is dismissed in its entirety.

**IT IS SO ORDERED** this 3rd day of June 2008.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**